UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, et al.,

    Plaintiffs,

v.

SATISH CHANDRA,

    Defendant.
_____/

No. C 07-579 JSW (WDB)

**ORDER FOR SUPPLEMENTAL INFORMATION TO SUPPORT MOTION FOR DEFAULT JUDGMENT**

This matter has been referred to the undersigned for a report and recommendation. **By January 30, 2008,** plaintiffs must file with the Court and serve on defendant supplemental submissions (legal authority and/or evidence) that respond to the following:

1. After reasonable inquiry, do plaintiffs have any reason to believe that defendant is either a minor or an incompetent person, or that defendant is in military service? If they do not have reason to believe so, plaintiffs must so aver. *See* Fed. R. Civ. Proc. 55(b)(1); 50 App. U.S.C. § 521(b)(1).

2. After reasonable inquiry, do plaintiffs have any reason to believe that the business named Miracle Auto Painting or Miracle Auto Painting of San Leandro is a corporation, partnership or other unincorporated association? If they do not have reason to believe so, plaintiffs must so aver. *See* Fed. R. Civ. Proc. 4(h).

1

3. Plaintiffs must demonstrate how East Bay Automotive Machinists Local Lodge 1176, the labor organization alleged in the complaint to have entered a collective bargaining agreement with defendant, is related to or represented by the signatories of the collective bargaining agreement, namely, Machinists Automotive Trades District Lodge No. 190, on behalf of Local 1546, and the International Brotherhood of Painters and Allied Trades, Local 1176.

4. Plaintiffs have referred to the terms of the Pension Trust Agreement, but did not provide a copy of that agreement. If plaintiffs rely on the terms of the Pension Trust Agreement, they must provide the Court with a copy of it.

5. Plaintiffs claim interest at the rate of ten percent per annum in the amount of $26,239.91 to the Welfare Fund and $1,570.12 to the Pension Fund, but have not demonstrated how those amounts were calculated; nor have plaintiffs specified over what period the interest was calculated. Plaintiffs must substantiate and clarify the bases for their claim for interest.

**By February 6, 2008**, defendant MUST respond to any matters in plaintiffs' January 30th submission and also may respond to any matters in plaintiffs' original Motion and supporting papers.

**On February 13, 2008, at 1:30 p.m.**, the Court will conduct a hearing in connection with plaintiffs' Motion for Default Judgment.

**The Court ORDERS plaintiffs to serve a copy of this Order on defendant immediately.**

IT IS SO ORDERED.

Dated: January 17, 2008

WAYNE D. BRAZIL
United States Magistrate Judge

2